IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO: 3:04-CR-0240-P |
| | § | |
| MUFID ABDULQADER (7) | § | |

**MEMORANDUM OPINION AND ORDER**

Now before the Court is Defendant Mufid Abdulqader's ("Defendant") Motion to Dismiss the Superseding Indictment, filed May 29, 2008. After careful consideration of the Parties' briefing and the applicable law, the Court hereby DENIES Defendant's motion.

In his motion, Defendant argues that the FBI's failure to notify him that he was a "target" or a "subject" of an investigation before obtaining his and his attorney's consent to interview him in 2002 warrants dismissal of the indictment in this case. Defendant contends that in order to secure an interview with him, the Government misrepresented to his counsel that Defendant was not a target or a subject of any criminal investigation. Defendant maintains that the Court should dismiss the indictment against him because the Government deceived him to obtain his and his attorney's consent to interview him and used information from that interview to question him in the grand jury and prosecute him in this case. In the alternative, Defendant argues the Court should suppress Defendant's statements made during the course of that interview and any evidence obtained therefrom, including his grand jury testimony.

The Government responds that (1) at the time the Government requested the interview with Defendant, Defendant was not a target or a subject of the criminal investigation and (2) even if he

1

was a target or a subject, Defendant has not established by clear and convincing evidence that the Government misrepresented to Defendant's counsel that Defendant was not.

The burden to show that an agent obtained evidence through "fraud, trickery, and deceit" is on the moving party. *See U.S. v. Powell*, 835 F.2d 1095, 1098 (5th Cir. 1988); *U.S. v. Tweel*, 550 F.2d 297, 299 (5th Cir. 1977). To carry that burden, the movant must establish by "clear and convincing evidence" some "affirmative misrepresentation to establish the existence of fraud." *Tweel*, 550 F.2d at 299.

It is not clear that this standard applies in this case. The Fifth Circuit cases cited by Defendant involved deception by IRS revenue agents conducting civil investigations and misleading the defendants as to whether the investigations were civil or criminal in nature. This is not present in this case where the FBI and the U.S. Attorneys were conducting what was clearly a criminal investigation. Nonetheless, the Court will discuss the issue using this standard since this is the way the Parties have briefed the motion.

The underlying premise of Defendant's motion is that the Government affirmatively represented to Defendant's counsel at the time, Mr. Reed Prospere, that Defendant was not a subject or a target of a criminal investigation. (Reply at 8.) At the Kastigar Hearing conducted prior to the first trial, Mr. Prospere testified that his routine practice when representing a person the FBI seeks to interview is to ask whether that person is a target or a subject of a criminal investigation. (Tr. at 55.) Mr. Prospere testified that he was "obviously told that [Defendant] was not. Otherwise we would not have scheduled the interview." (Tr. at 55.) He explained that if he had been told his client was a subject or a target he "would have talked to members of the United States Attorney's Office who were overseeing the matter and sought further assurances as to the status of my client before I

would have allowed him to be interviewed by agents." (Tr. at 55-56.) He testified that he allowed Defendant to be interviewed by the agents because he must have been told that Defendant was not a subject or a target. (Tr. at 56.) However, Mr. Prospere did not have any independent recollection of the Government making any such representation to him. (Tr. at 55.)

Although testimony about habit or routine practice may be relevant under Rule 406, Defendant must prove by clear and convincing evidence that the Government made an affirmative misrepresentation to Defendant or his counsel about Defendant's status as a target or a subject. Mr. Prospere's testimony does not rise to the level of clear and convincing evidence. He does not have any specific recollection of any conversation he may have had with the prosecution or other government agent about Defendant's status as a target or a subject. His testimony was based on assumptions, not on any specific misrepresentation. This testimony is insufficient to prove fraud, deceit, or trickery on the part of the Government.

Moreover, even if Mr. Prospere did establish that he asked the Government whether Defendant was a subject or a target, Defendant has not established by clear and convincing evidence that the Government lied by answering that question in the negative. Defendant points out that the United States Attorney's Office Criminal Resource Manual defines "targets" and "subjects" as follows:

> A "target" is a person as to whom the prosecutor or the grand jury has substantial evidence linking him or her to the commission of a crime and who, in the judgment of the prosecutor, is a putative defendant . . ."
>
> A "subject" of an investigation is a person whose conduct is within the scope of the grand jury's investigation.

USAM 9-11.151.

Defendant has not established that the Government had, at the time of its interview with Defendant in April 2002, "substantial evidence linking him to the commission of a crime," thereby rendering him a "target." Nor has Defendant established that in April 2002, his conduct was within the scope of the grand jury's investigation, which did not occur until August 2003. That Defendant was under investigation by the FBI does not mean he was a target or a subject under the definitions provided above. In the absence of any specific testimony as to what exactly was asked and what exactly was answered, and because it appears that the Government could have reasonably answered Mr. Prospere's alleged inquiry in the negative based on these definitions, Defendant has not proven the Government engaged in fraud, deceit or trickery.

For these reasons, Defendant's motion is hereby DENIED.

It is SO ORDERED, this 19th day of September 2008.

JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE